Purcell's Adm'r *v.* Barkman.

be deemed as standing, and being applicable to the amended complaint, then it would seem that error was committed. The defendant did not withdraw his appearance, but simply failed to appear, and this left his answer to stand. *Carver* v. *Williams*, 10 Ind. R. 267.

But should the answer to the original complaint be regarded as standing to the amended complaint? We think not. It was not re-filed as an answer to the amended complaint, nor was anything done indicating an intention that it should be regarded as such. The conduct of the appellant clearly indicates that he did not so regard it. He moved to quash the summons, which he could not have done while an answer was standing to the complaint.

We see no error in the record; hence, the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs, and 5 per cent. damages.

*L. Miller, J. H. Brown,* and *James Park,* for the appellant.
*Gregory & Harper,* for the appellee.

---

PURCELL's Administrator *v.* BARKMAN.

APPEAL from the *Knox* Common Pleas.

*Per Curiam.*—Suit by *Dick,* administrator, &c., against *Barkman,* to foreclose a mortgage. Judgment by default. No steps were taken in the Court below to take advantage of the alleged errors.

The appeal is dismissed, with costs.

*J. C. Dunn,* for the appellant.